**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**PINE BLUFF DIVISION**

ZACKURY SCOTT BURROWS,                                                    PLAINTIFF
ADC #652156

V.                              5:13CV00059-KGB-JTK

RAY HOBBS, et al.                                                        DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge Kristine G. Baker.  Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.   Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.      The detail of any testimony desired to be introduced at the hearing before the District

1

Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

Plaintiff Burrows, a state inmate confined at the East Arkansas Regional Unit of the Arkansas Department of Correction (ADC), filed this pro se 42 U.S.C. § 1983 action, claiming the ADC violates his right to equal protection because as a "violent offender" who was sentenced under the 70 percent law, he cannot receive good time for his job, good behavior and program participation. Plaintiff asks for injunctive relief from Defendants.

## I.     Screening

The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell

Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).  In reviewing a pro se complaint under

§ 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction.  Haines v.

Kerner, 404 U.S. 519, 520 (1972).  The Court must also weigh all factual allegations in favor of the

Plaintiff, unless the facts alleged are clearly baseless.  Denton v. Hernandez, 504 U.S. 25, 32 (1992);

Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).  But regardless whether a plaintiff is represented or

appearing pro se, his complaint must allege specific facts sufficient to state a claim.  See Martin v.

Sargent, 780 F .2d 1334, 1337 (8th Cir. 1985).

Following the United States Supreme Court's opinion in Ashcroft v. Iqbal, to survive a

court's 28 U.S.C. § 1915(e)(2) and 42 U.S.C. § 1997e(c)(1) screening, a complaint must contain

sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." 556

U.S. 662, 678, (2009), citing Twombly, 550 U.S. at 570.  A claim has facial plausibility when the

plaintiff pleads factual content that allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged.  Id. at 556.  The plausibility standard is not akin to

a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted

unlawfully.  Where a complaint pleads facts that are "merely consistent with" a defendant's liability,

it "stops short of the line between possibility and plausibility of entitlement to relief."  Id. at 556-7.

## II.     Facts and Analysis

In his Complaint, Plaintiff states he was sentenced as a "violent offender" under an Arkansas

statute which requires such inmates to serve 70 percent of their sentence prior to an opportunity for

parole.  (Doc. No. 1, p. 4.)  As a result, he states in prison he is denied the right to receive good time

or any other way to reduce his sentence, while others, who were not sentenced pursuant to the same

law, are permitted to earn good time.  (Id.)  He states this is a "class of one equal protection right

3

violation," and asks the Court to find that offenders sentenced under the 70 percent rule can earn "meritorious good time just like the other offenders." (Id., pp. 4, 5.)

In order to support a claim for relief against Defendants pursuant to 42 U.S.C. § 1983, Plaintiff must allege that a person acting under the color of state law deprived the Plaintiff of some Constitutional right. Griffin-El v. MCI Telecommunications Corp., et al., 835 F.Supp. 1114, 1118 (E.D.MO 1993). However, Plaintiff's equal protection allegation does not state an actionable constitutional claim. The Fourteenth Amendment equal protection clause requires the government "to treat similarly situated people alike." City of Cleburne v. Cleburne Living Center, Inc., 473 U.S. 432, 439 (1985). Yet, "[d]issimilar treatment of dissimilarly situated persons does not violate equal protection." Klinger v. Department of Corrections, 31 F.3d 727, 731 (8th Cir. 1994). In this case, Plaintiff does not allege that he is being treated different from similarly-situated persons; rather, he claims Defendants are treating him different from inmates with different sentences and who are not classified as violent offenders.

## III.    Conclusion

IT IS, THEREFORE,  RECOMMENDED that:

1.      Plaintiff's Complaint against Defendants be DISMISSED for failure to state a claim.

2.      Dismissal of this action constitute a "strike" within the meaning of the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g).[1]

3.      The Court certify that an in forma pauperis appeal from an Order and Judgment dismissing this action would not be taken in good faith, pursuant to 28 U.S.C. § 1915(a)(3).

---

[1]The statute provides that a prisoner may not file an in forma pauperis civil rights action or appeal if the prisoner has, on three or more prior occasions, filed an action or appeal that was dismissed as frivolous, malicious or for failure to state a claim, unless the prisoner is under imminent danger of serious physical injury.

IT IS SO RECOMMENDED this 28th day of May, 2013.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE